UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF FLINT PLUMBING
& PIPEFITTING INDUSTRY FRINGE
BENEFIT FUNDS,

    Plaintiff,

v.

    Case No. 23-10873
    Honorable Victoria A. Roberts

GRACE PLUMBING AND MECHANICAL,
LLC and LUCAS HOLLIFIELD,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [ECF No. 10]**

    This is an action for collection of delinquent fringe benefit contributions under 29 U.S.C. § 1132 and § 1145, and for liquidated damages pursuant to the collective bargaining agreement. Plaintiff served the complaint on Grace Plumbing and Mechanical, LLC and Lucas Hollifield ("Defendants"). Defendants did not appear or answer the complaint. On May 24, 2023, the Clerk of Court entered a default against Defendants.

    Plaintiff moves for default judgment. [ECF No. 10]. Plaintiff served the motion for default judgment on Defendants. The time for them to respond has passed, and the motion remains unopposed.

Once default is entered, Defendants are treated as having admitted to the complaint's well-pled allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). If the allegations "are sufficient to support a finding of liability . . . the Court should enter judgment." *Id*. at 848. After the Court determines that default judgment is appropriate, it must "determine[ ] the amount and character of the [awarded] recovery." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (4th ed. 2020) (collecting cases).

Plaintiff is entitled to default judgment against Defendants under Federal Rule of Civil Procedure 55(b)(2).

The Court adopts by reference the factual allegations in Plaintiff's complaint and takes them as true.

Plaintiff establishes that: (1) Defendants were bound by a collective bargaining agreement ("CBA") which requires each employer to pay all actual legal expenses, including attorney fees, assessment expenses, audit costs, liquidated damages, and other costs incurred by the Plaintiff in collection of contributions due; and (2) an audit showed that Defendants failed to pay fringe benefit contribution obligations pursuant to the CBA from January 1, 2021 to May 31, 2022 in the amount of $115,102.82. That amount includes costs of $681.50 for conducting the audit and liquidated

damages of $14,889.76.  Plaintiff also shows that it incurred $2,813.50 in attorney fees and $402.00 in costs – for a total of $3,215.50 – in relation to the collection of delinquent contributions from Defendants.

The Court **GRANTS** Plaintiff's motion for default judgment [ECF No. 10].

A separate judgment will enter against Defendants in the amount of $118,318.32.

The Court retains jurisdiction to resolve any disputes over the default judgment and enforcement of the judgment.

**IT IS ORDERED.**

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  7/11/2023